UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATION, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00011-PJH<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his sentencing credits have been miscalculated and he is subject to cruel and unusual prison conditions. Plaintiff seeks money damages and to be paroled.

As long as the sentencing order is in place, prison officials have no constitutional duty to review the legality of the sentence imposed. *See Stein v. Ryan*, 662 F.3d 1114, 1118-20 (9th Cir. 2011) (dismissing § 1983 claim because prisoner had no due process or Eighth Amendment right to have prison officials release him from prison, even though the sentencing order was legally incorrect under a later-decided state supreme court case). Prison officials "may have a duty to calculate accurately the prisoner's release date according to the terms of a sentencing order, but no reasonable prison official would understand that executing a court order without investigating its potential illegality would violate the prisoner's right to be free from cruel and unusual punishment." *Id*. at 1119-20.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832.

Plaintiff states that prison officials miscalculated his presentence credits, and he should be paroled.  To the extent plaintiff seeks to be released from custody, he must file a habeas petition after exhausting his state court remedies.  Plaintiff notes that he filed a state habeas petition with this claim that is pending.

With respect to his claim for money damages, plaintiff filed an inmate appeal with this claim the same day he filed this federal case.  Plaintiff cannot proceed with this case until administrative remedies are exhausted.  In addition, this claim appears to be barred by *Heck*, because if plaintiff were to prevail and receive money damages, it would call

into question the validity of his sentence. The complaint is dismissed with leave to amend to address these issues. Plaintiff should also provide more information regarding his credits and he should attempt to include his sentencing paperwork and the prison forms that show different sentencing information.

Plaintiff's allegations regarding the conditions in administrative segregation occurred while he was incarcerated at North Kern State Prison. That facility is located in the Eastern District of California. The allegations are dismissed without prejudice so plaintiff can file a case in the Eastern District.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 4, 2023

                                           /s/ Phyllis J. Hamilton
                                           PHYLLIS J. HAMILTON
                                           United States District Judge